# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC Q. RICHMOND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01436-TWP-DKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ENTRY DENYING AMENDED MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on the Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 4), filed by Petitioner Eric Richmond ("Richmond"). For the reasons explained in this Entry, the Amended Motion for Relief is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. THE § 2255 MOTION

**A. Background**

On June 20, 2012, Richmond was charged in criminal docket No. 1:12-cr-96-TWP-MJD-01 ("Crim. Dkt.") with one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). The matter was set for trial by jury on May 6, 2013, and Richmond filed a Motion to Suppress on April 2, 2013. (Crim. Dkt. 37.) Specifically, Richmond sought to suppress all evidence obtained from a search of his vehicle during a routine traffic stop and any statements that he made prior to being read his *Miranda* rights. Because of the close proximity to the trial date, the Court ordered expedited briefing on the Motion to Suppress. Richmond challenged the factual basis relied upon by police officers to support probable

cause for the search of his vehicle. In his motion to suppress, Richmond did not contest the fact that he committed one or more traffic violations prior to being stopped by a police officer, rather, he argued the evidence seized from his vehicle should be suppressed because it was obtained during a warrantless search and there was no probable cause for the search, thus violating the Fourth Amendment to the United States Constitution. In particular, Richmond denied that there was an odor of marijuana in his vehicle at the time of the stop, that he possessed any marijuana at the time of the stop, that he or anyone else had smoked marijuana in his car the day of the stop, or that he admitted to smoking marijuana prior to the stop. However, the videotaped evidence of the stop showed otherwise.

Following the denial of his Motion to Suppress on April 25, 2013 (Crim. Dkt. 47), Richmond filed a Petition to Enter a Plea of Guilty that same date, without the benefit of a plea agreement. A hearing on the Petition to change his plea to guilty was conducted on August 14, 2013. Richmond was placed under oath and examined concerning his Petition to Enter a Plea of Guilty. The Court determined that Richmond was competent to enter a plea of guilty and that his plea was made knowingly and voluntarily. At the conclusion of the hearing, the plea of guilty was accepted and Richmond was adjudged guilty.

The Court then proceeded to impose sentence. During the sentencing hearing, Richmond's counsel argued successfully that the Court should not apply a two level increase for the obstruction of justice adjustment, as argued by the Government and recommended by the probation officer. The Court, however, did not apply the two level decrease for acceptance of responsibility under U.S.S.G § 3E1.1(a), finding that Richmond had falsely denied or frivolously contested relevant conduct that the court determined to be true, inconsistent with acceptance of responsibility. *See* Application note 1(A). The Court sentenced Richmond within the advisory guideline range to 125

months, which was formally entered on the clerk's docket on August 20, 2013.

Richmond did not appeal his conviction or his sentence; however, on April 21, 2016, Richmond's sentence was reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2). Richmond now seeks relief pursuant to 28 U.S.C. § 2255.

**B.     Legal Standard**

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The parameters of relief pursuant to § 2255 were reviewed in *Young v. United States,* 124 F.3d 794, 796 (7th Cir. 1997):

> Section 2255 is not a way to advance arguments that could have been presented earlier--especially not when the arguments rest entirely on a statute. *See Reed v. Farley,* 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although sec. 2255 para.1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed,* 512 U.S. at 348, quoting from *Hill v. United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir. 1988).

Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United*

3

*States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).

## II. **DISCUSSION**

Richmond presents two claims in his § 2255 motion. In claim one, he contends that his counsel was ineffective for failing to advise him of his right to timely plead guilty in exchange for acceptance of responsibility and for unreasonably delaying the proceedings. In his second claim, Richmond argues his counsel was ineffective when he failed to investigate and present viable evidence to support his motion to suppress. In a supplement to his § 2255, Richmond asserts that his plea was unknowing, involuntary and unintelligible and he would not have pled guilty or waived his right to appeal if certain claims had been presented. (Dkt. 21.) However, Richmond does not state what these claims are or how they would have changed the outcome of his case.

As an initial matter, the Court notes that Richmond's guilty plea was entered in open court and only after full compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Richmond acknowledged having received a copy of the Indictment, having discussed the charge with his attorney, and being guilty of the offense to which he was pleading guilty. His statements are binding in this proceeding. *Hugi v. United States,* 164 F.3d 378, 381 (7th Cir. 1999). "[V]oluntary responses made by a defendant under oath before an examining judge [are] binding." *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987). The Court explicitly found that Richmond was "fully competent and capable of entering an informed plea [and] that he [was] aware of the nature of the charges and the consequences of the plea." (Crim. Dkt. 64 at 17.) The Court further found that: "The plea of guilty is a knowing and voluntary plea supported by an independent basis in fact, which contains each of the essential elements of the offense." (*Id*.)

Richmond's guilty plea was entered voluntarily, knowingly, and intelligently. Richmond's guilty plea was therefore valid. His contentions otherwise are rejected.

The other focus of Richmond's § 2255 motion is that he was denied the effective assistance of counsel. The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms. *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009). The governing Supreme Court case for resolving an ineffective assistance claim is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* In particular, to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, a petitioner must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.*, at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the court's review of counsel's performance is highly deferential, and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004).

Richmond devotes much effort to show that the traffic stop was invalid and that the evidence from it should have been ordered suppressed. For the first time, in his § 2255 motion, Richmond argues his counsel should have challenged the constitutionality of certain Indiana traffic laws. The motion to suppress was denied, in part, because the Court found the traffic stop to be valid and there was a video recording which substantiated the officers' version of events. The Court determines that a challenge of the constitutionality of Indiana's traffic laws would have been frivolous. Richmond blames his attorney for failing to secure a favorable ruling on the suppression matter, but the Court finds no basis on which that could have occurred.

Moreover, a valid guilty plea waives claims of non-jurisdictional error. Put in simpler terms, once a defendant pleads guilty he waives any challenge to the indictment or other matters preceding the plea. *United States v. Campbell,* 324 F.3d 497, 499 (7th Cir. 2003) (citing *United States v. Broce,* 488 U.S. 563 (1989)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (once petitioner pleads guilty, "[ ]he may only challenge the voluntary and intelligent nature of the guilty plea by showing that the advice [ ]he received from counsel was not within acceptable standards."); *Young v. United States,* 124 F.3d 794, 797 (7th Cir. 1997) (conviction based on plea "cannot be in 'error' and therefore . . . is conclusive on all factual and legal issues other than a contention that the very initiation of the proceedings violated the Constitution."). This includes claims such as Richmond presents in his § 2255 motion.

Richmond next alleges "[c]ounsel was ineffective when he failed to advise the Movant that he could timely enter an 'open plea' in exchange for a reduced sentence." (Dkt. 4 at 4). He also argues "counsel was ineffective for unreasonably delaying the change-of-plea proceedings during the 10 month period that followed the Movants indictment." (*Id*.) These contentions are not persuasive because there is no guarantee that pleading open rather than pursuant to a plea

6

agreement would result in a reduced sentence. In addition, a period of ten months from indictment to change of plea is not unreasonable. As to the plea itself, it could not have been more rapidly submitted if, contrary to Richmond's lament, "his attorney had spent more time doing a better job."

There were no features of the plea which suggested it was invalid for any reason and no basis on which to conclude that a more lenient sentence could have resulted. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (2010). Richmond has not met his burden of meeting that requirement here. The Court concludes that his representation was constitutionally sufficient.

### III. CONCLUSION

The records and file in this action show that Richmond is not entitled to the relief he seeks. Accordingly, his amended motion for relief pursuant to § 2255 (Dkt. 4) is **DENIED**, and this action must be **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

This Entry shall also be docketed under the underlying criminal action, No. 1:12-cr-96-TWP-MJD-01.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Richmond has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 6/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric Q. Richmond, #44729-424
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 7000
Florence, Colorado  81226

Barry Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov